CITY OF LEE'S SUMMIT,
Plaintiff-Respondent,

v.

Joseph H. BROWNING, et al.,
Defendants-Appellants.

No. WD 38060.

Missouri Court of Appeals,
Western District.

Dec. 23, 1986.

C. John Forge, Jr., Independence, for defendants-appellants.

Michael C. McCormick, Lee's Summit, for plaintiff-respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The City of Lee's Summit sued to enjoin the Brownings from operating a salvage business because the business was a nuisance and violated residential zoning restrictions. The trial court granted the injunction and the Brownings appeal. This court affirms.

The property in question was purchased by the Brownings in 1950 and has been used by them ever since then to operate a salvage business. The Brownings store and dismantle wrecked automobiles and also sell used automobile parts to their customers who, on occasion, have included the City of Lee's Summit. The salvage business is located in a residential neighborhood and during its thirty some years of operation, has been subject to intermittent complaints from city officials and surrounding homeowners.

When the Brownings purchased the property in 1950, it was part of Jackson County and was subject to a county zoning ordinance restricting it to residential use. In 1951, the City of Lee's Summit annexed the property and three days later adopted the

residential zoning restriction earlier enacted by the County. The property has been zoned residential ever since.

During the 1970's, the City filed several complaints against the Brownings alleging violations of the residential zoning restriction. Some of these complaints were dismissed on the mistaken belief the business was a lawful nonconforming use. The City was unaware, until 1983, that Jackson County had a residential zoning regulation in effect in 1950 when the Brownings purchased the property. In sum, the use of the land by the Brownings has always been in violation of zoning ordinances.

In 1981, the city brought this action to enjoin the Brownings from operating their salvage business. The city claimed the business was both a nuisance and operated in violation of the zoning laws.

After visiting the property and after considering the testimony and evidence, the court found that the business was a nuisance. According to the court, the salvage yard had a detrimental effect on the health, safety and welfare of city residents and a blighting effect on the surrounding neighborhood. The court also found the Brownings had violated county and subsequently city zoning regulations since the commencement of their salvage business in 1950. Based on these findings, the court granted the injunction. This court must affirm the trial court's judgment unless the judgment is not supported by substantial evidence, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

■ On appeal, the Brownings do not challenge the court's nuisance finding but instead limit their argument to zoning and affirmative defense issues. The absence of appellate argument on the nuisance issue suggests the Brownings have conceded and abandoned this point. This court need not consider points not raised in appellants brief. *Smith v. Welch*, 611 S.W.2d 398, 399 (Mo.App.1981); *Osterberger v. Hites Const. Co.*, 599 S.W.2d 221, 230 (Mo.App. 1980). Moreover, this court may affirm the judgment on the nuisance issue alone since, "the judgment of the trial court must be affirmed if it is correct on any theory." *Rosenblum v. Gibbons*, 685 S.W.2d 924, 927 (Mo.App.1984); *Oldham's Farm Sausage Co. v. Salco, Inc.*, 633 S.W.2d 177, 182 (Mo.App.1982). The Brownings' failure to argue the nuisance issue leaves that issue as an independent basis for affirmance. *May Dept. Stores Co. v. County of St. Louis*, 607 S.W.2d 857, 868–69 (Mo.App. 1980). However, this court will still consider whether the record supports the salvage business in fact constituted a nuisance.

■ A public nuisance is any unreasonable interference with common community rights such as the public health, safety, peace, morals or convenience. *State v. Kansas City Firefighters Local 42*, 672 S.W.2d 99, 114 (Mo.App.1984). A public nuisance "annoys, injures, endangers, renders insecure, interferes with, or obstructs the rights or property of the whole community ..." *State v. Errington*, 317 S.W.2d 326, 331 (Mo.1958). Whether a nuisance exists depends upon the factual circumstances of each case. *Frank v. Environmental Sanitation Management*, 687 S.W.2d 876, 881 (Mo. banc 1985).

■ The evidence before the trial court was that the Brownings stored salvage both inside and outside the fenced area in which they conducted business. The salvage ranged from old tires, tractors, and car parts to refrigerators, hot water tanks and other debris. This salvage was scattered in and among the wrecked vehicles on the Brownings' property. The salvage was visible from the street adjoining the Brownings' property. Some of the junked vehicles were parked along the street, congesting traffic and creating a safety hazard for the residents and children of the neighborhood. Often only one lane of traffic could pass by the Brownings' property due to the salvage blocking the road. There was also considerable traffic flowing in and out of the Brownings' property. Customers parked along the streets and trucks and

wreckers loaded and unloaded vehicle parts almost daily.

The evidence indicated that both front and back yards of the Brownings' property were oil-soaked. The ground was black from the oil and after heavy rains, the oil ran off the Brownings' property onto the surrounding residential areas. The business was also noisy; the sound of car parts being banged and beaten was not infrequent. After considering this evidence and after visiting the site, the trial court concluded that the business was a threat to the health, safety, and welfare of the city's residents. This court will not disturb the trial court's finding.

■ The Brownings raise laches as an affirmative defense. However, laches is inapplicable in this case because the salvage business is a public nuisance. In Missouri, "as against a public nuisance, especially one affecting the public health, peace and comfort, the doctrine of laches is not applicable." *Potashnick Truck Service v. City of Sikeston*, 351 Mo. 505, 173 S.W.2d 96, 101 (1943). The right to commit a public nuisance may not be acquired by prescription and a city will not surrender its right to protect public welfare. *Id.*

Because the trial court's decision on the nuisance issue is supported by substantial evidence, there is no reason to consider the other points of error raised concerning the zoning violation. *Oldham's Farm Sausage Co. v. Salco, Inc., supra.*

The judgment is affirmed.

All concur.