**44 PLAZA, INC., a Missouri Corporation, Plaintiff/Respondent,**

v.

**GRAY–PAC LAND COMPANY, a Missouri Corporation, Defendant/Appellant.**

No. 60604.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 24, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 7, 1993.

Application to Transfer Denied Feb. 23, 1993.

Charles Francis Dufour, Jr., Timothy A. McGuire, Becker, Dufour, Yarbrough &

Berndsen, St. Louis, for defendant/appellant.

Steven Paul Kuenzel, James William McGettigan, Jr., Eckelkamp, Eckelkamp, Wood & Kuenzel, Washington, for plaintiff/respondent.

CRANE, Judge.

Plaintiff, 44 Plaza, Inc., a Franklin County landowner, sued to enjoin defendant, Gray–Pac Land Company, an adjoining landowner, from erecting signs and planting trees on its property. Both parties operated competitive fireworks businesses on their properties. 44 Plaza contended that Gray–Pac's signs and trees blocked public view of 44 Plaza's business from Interstate 44. The trial court granted an injunction and ordered Gray–Pac to remove all signs and trees within forty days. Gray–Pac appeals this judgment. We find that the trial court erroneously declared and applied the law in determining that an actionable nuisance occurs where one property owner blocks another owner's view with a malicious motive. We reverse and remand.

In the fall of 1989, 44 Plaza purchased a 12.79 acre parcel of real estate for $164,-000. This parcel was located to the north of Interstate 44 near the intersection of Viaduct Street and Thornton Road in Franklin County, Missouri. At and prior to that time, a 0.9 acre adjoining parcel was also on the market. This parcel was to the south of the 12.79 acre parcel. It directly abutted the intersection of Viaduct Street and Thornton Road and was closer to and had greater visibility from Interstate 44. In 1988, 44 Plaza had made an inquiry about purchasing the 0.9 acre parcel and was told that it was available, but did not offer to buy it. In February 1990, Gray–Pac purchased the substantially smaller but better located front parcel for $165,000. Both Gray–Pac and 44 Plaza operate competitive retail fireworks businesses on these parcels. 44 Plaza is open all year, while Gray–Pac operates a seasonal business.

Gray–Pac obtained a permit from Franklin County to erect three signs on its prop-

erty along the common boundary line, each sign to be sixteen feet high by sixty feet wide and to be erected so that the tops of each sign would stand thirty-three feet above the ground. 44 Plaza brought an action to enjoin the construction of the signs. After an evidentiary hearing in April 1990, the trial court entered a temporary injunction enjoining Gray–Pac from erecting the sign which would have been located closest to Thornton Road. Gray–Pac then erected the other two signs as proposed. The signs complied with all requirements of the Franklin County Building Commission Ordinance which included the BOCA code. Gray–Pac subsequently planted twenty-five evergreen trees in a line behind its signs. Each tree was twenty-foot high and the line of trees extended to Thornton Road, through the area where the prohibited sign would have been located.

On November 26, 1990, 44 Plaza filed a First Amended Petition for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction. After an evidentiary hearing the court found that Gray–Pac's erection of three signs or, alternatively, erecting the two existing signs and planting the twenty-five trees, completely concealed 44 Plaza's property from the view of prospective customers travelling Interstate 44. The court further found that the evergreen trees planted on Gray–Pac's property served no useful purpose because the trees were located behind Gray–Pac's advertising signs and were planted for the sole purpose of blocking public view of 44 Plaza's place of business. The court further found that the sheer size of the signs and trees indicated that the signs were erected and trees were planted for malicious purposes and that advertising was only an incidental purpose. The court also found that the trees planted near Thornton Road created a dangerous hazard for drivers entering and leaving 44 Plaza's business due to the sharp curve in the road at the area where the trees abut Thornton Road. As a result, the court concluded that the harm to 44 Plaza outweighed the usefulness of the signs and trees and that, under the circumstances, the erection of the signs and trees

constituted an unreasonable use of Gray–Pac's property. The court granted the injunction and ordered Gray–Pac to remove all signs and trees within forty days. Gray–Pac appeals from this order.

We review the issuance of an injunction under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Under this standard, we will uphold an injunction unless there is no substantial evidence to support it, unless it is against the great weight of evidence, or unless it erroneously declares or applies the law. *Ballesteros v. Johnson*, 812 S.W.2d 217, 221 (Mo.App.1991). Gray–Pac challenges the injunction on all of these grounds.

We first consider Gray–Pac's assertion that the trial court erroneously declared and applied the law because a landowner's otherwise lawful acts in blocking the view of another's property do not give rise to a cause of action for nuisance. We agree.

A private nuisance is the unreasonable, unusual, or unnatural use of one's property which substantially impairs the right of another to enjoy his property. *Frank v. Environmental Sanitation Management*, 687 S.W.2d 876, 880 (Mo. banc 1985). One of the prerequisites to a cause of action for nuisance is that the right of enjoyment which is impaired must be a right that is susceptible to legal protection. The acts complained of here were the erection of signs and planting of trees on Gray–Pac's property which obstructed public view of 44 Plaza property. In its pleadings, 44 Plaza sought to protect a right to public view and to enforce a right to prohibit an adjoining landowner from obstructing that view.

The common law rule is that, absent a statute or contract to the contrary, the obstruction of a landowner's view is not actionable. *Stroup v. Rauschelbach*, 217 Mo.App. 236, 239–40, 261 S.W. 346, 347 (1924); 12 Am. & Eng. Encyclopedia of L. 1058 (2d ed. 1899); 1 Am.Jur. *Adjoining Landowners* §§ 51, 52; 22 Am.Jur. *Fences* § 43; 2 C.J.S. *Adjoining Landowners* §§ 71, 72.

▮ It is further a rule of common law that a court will not inquire into the motive for doing a lawful act. "If a right is not infringed upon, no one is injured or damnified, legally speaking, and in such case motives are not material." *Stroup*, 217 Mo.App. at 239, 261 S.W. at 347. A defendant's negligence, intention, design or motive is immaterial to that defendant's liability for nuisance. *Frank*, 687 S.W.2d at 880 n. 3; *White v. Smith*, 440 S.W.2d 497, 502–03 (Mo.App.1969); *Davis v. J.C. Nichols Co.*, 714 S.W.2d 679, 684 (Mo.App.1986). *See also* 12 Am. & Eng. Encyclopedia of L. 1058 (2d ed. 1899) ("According to the received view of the common law, the erection of a fence upon one's own land is not an actionable injury to one's neighbor, although the erection may deprive him of light and air, and may be dictated by motives of ill will.").

In *Stroup* a landowner brought an action to abate an eight foot high board fence constructed by an adjoining landowner. The complaining landowner alleged that the fence was not useful but was erected solely for the purpose of injuring him by obstructing his view and cutting off air circulation. The trial court found that the fence was not built maliciously and entered judgment for defendant. On appeal the complaining landowner urged that the court recognize a cause of action where a person's use of his property is activated solely by malice. The court of appeals held that it was not "absolutely necessary" to decide that question because the trial court had found no malice, but went on to state that no cause of action had been stated because absent a statute, contract, or prescription, a landowner does not have a right to a view and the motives of the adjoining landowner who interferes with that view are immaterial. *Stroup*, 217 Mo. App. at 238–40, 261 S.W. at 347.

▮ A number of other jurisdictions also apply these common law principles to reach the same result. Some of these states adopt the rationale that if the conduct is lawful, it may not be prohibited, even if it is done for motives of pure malice, because to prohibit lawful, but malicious, acts would be controlling moral conduct, not protecting a legal right. They reason that an owner's motives should not be a subject of litigation each time the owner constructs something on his or her premises. *See, e.g., Cohen v. Perrino*, 355 Pa. 455, 50 A.2d 348 (1947) and cases cited therein. Others of these states justify the result on the grounds that recognizing any duty to not intentionally block a landowner's view would result in the creation of an unrecorded prescriptive easement in that view, a result which the law does not recognize. *See, e.g., Mohr v. Midas Realty Corp.*, 431 N.W.2d 380, 382–83 (Iowa 1988) and *Cain v. American Nat'l. Bank & T. Co. of Chicago*, 26 Ill.App.3d 574, 325 N.E.2d 799, 804 (1975).

Other jurisdictions have held that a cause of action may exist where the property owner acts solely out of malice to injure an adjoining property owner. These jurisdictions hold that a landowner has no legal right to use his or her property for the sole purpose of injuring an adjoining landowner and that the adjoining landowner has a legally protectible right to air and light subservient only to the other owner's right to make a good faith use of his or her property. *See, e.g., Hornsby v. Smith*, 191 Ga. 491, 13 S.E.2d 20, 24–25 (1941); *Sundowner, Inc. v. King*, 95 Idaho 367, 509 P.2d 785, 787 (1973); and *Brittingham v. Robertson*, 280 A.2d 741, 744–45 (Del.Ch. 1971). *See also* application of this rule in *Hutcherson v. Alexander*, 264 Cal.App.2d 126, 132–33, 70 Cal.Rptr. 366, 371 (1968). This position has been adopted by § 829 of the Second Restatement of Torts, which states:

§ 829. Gravity vs. Utility—Conduct Malicious or Indecent

An intentional invasion of another's interest in the use and enjoyment of land is unreasonable if the harm is significant and the actor's conduct is

(a) for the sole purpose of causing harm to the other; or

(b) contrary to common standards of decency.

Restatement (Second) of Torts § 829 (1979).

The trial court followed the Restatement view and took into consideration Gray–

Pac's purpose in erecting the signs and planting the trees. As a basis for its grant of relief to 44 Plaza, it found that the signs and trees were placed on the property for the sole purpose of blocking the view, the obstruction was a "spite fence," malice was the dominant motive, and the actions were contrary to common standards of decency.

Missouri courts have not adopted § 829 of the Restatement nor the underlying rationale that malice can convert a lawful act into a nuisance. Rather, Missouri courts consistently have held to the common law view that motive and intention are not to be considered. In *Stroup* the court of appeals stated that the motives of a landowner in blocking a view with a lawful fence are immaterial. 217 Mo.App. at 239, 261 S.W. at 347. More recently the Missouri Supreme Court has held that intention and motive are immaterial to liability for nuisance. *Frank*, 687 S.W.2d at 880 n. 3 (citing *White*, 440 S.W.2d at 502–03). To the same effect is *Davis*, 714 S.W.2d at 684. The trial court improperly declared and applied Missouri law by following § 829 of the Restatement and out-of-state cases holding that malice may create a cause of action in nuisance where the act would be lawful if done in good faith.

44 Plaza did not own and had no easements over the land between it and Interstate 44. It does not have and cannot claim a legally enforceable right to be viewed by motorists on Interstate 44. Gray–Pac had a right to erect lawful signs and plant trees on its own property; that it did so to further block Interstate 44 motorists' view of 44 Plaza's premises is immaterial. To hold otherwise would be to create a new cause of action in this state. This we decline to do.

Our holding that the trial court erred in finding a private nuisance on the basis of malice does not dispose of the entire appeal. The trial court also found a public nuisance was created by the planting of trees close to Thornton Road because "said trees create a dangerous hazard for drivers entering and leaving [44 Plaza's] place of business due to the almost ninety (90) degree curve on Thornton Road in the area of the trees."

A public nuisance is any unreasonable interference with common community rights, such as health, safety, peace or convenience. *City of Lee's Summit v. Browning*, 722 S.W.2d 114, 115 (Mo.App. 1986). A private individual may maintain an action for a public nuisance if the private individual can show a special injury to himself that differs in kind, and not just degree, from the injury to the general public. *Kelly v. Boys' Club of St. Louis, Inc.*, 588 S.W.2d 254, 256–57 (Mo.App.1979). Actions that create a traffic hazard are properly considered to be public nuisances. *City of Lee's Summit*, 722 S.W.2d at 115–16.

Gray–Pac has not challenged the finding of a public nuisance on appeal. A problem arises, however, because the trial court did not specify which or how many of the trees constituted a public nuisance, nor did it give relief for the public nuisance apart from the relief granted for the private nuisance. It is apparent from the record that not all the trees blocked the view of turning motorists. However, the record before us does not indicate which trees caused a traffic hazard and a special injury to 44 Plaza. Accordingly the case must be remanded for specific findings on which trees constituted a traffic hazard to persons entering and leaving 44 Plaza's place of business and for entry of an order limited to relief for this particular traffic hazard.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

CARL R. GAERTNER, P.J., and SIMON, J., concur.