FORTY MILL REALTY VENTURE,
et al., Plaintiffs–Appellants,

v.

STATE of Missouri, ex rel., MISSOURI
HIGHWAY & TRANSPORTATION DE-
PARTMENT, Defendant–Respondent.

No. 63692.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 1, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 9, 1994.

Application to Transfer Denied
April 26, 1994.

LaTourette, Schlueter, Ebling & Byrne, Samuel C. Ebling, St. Louis, for plaintiffs-appellants.

Paul R. Sterrett, Paul R. Ferber, Rich Tiemeyer, Chesterfield, for defendant-respondent.

## PUDLOWSKI, Judge.

This case involves appellants' action for inverse condemnation. The trial court sustained respondent's motion to dismiss for failure to state a cause of action. On appeal, appellants argue: 1) although no property was taken, respondent's reorganization of certain highways damaged appellants' property and this violates Article 1, § 26 of the Missouri Constitution; and 2) their equal protection rights have been violated.

Appellants' petition contains the following allegations. Appellants are the fee simple owners of a tract of land upon which a leased shopping center is located. The property is in the southwest quadrant of state highways 40 and 141 in St. Louis County. Respondent awarded a construction contract for the change and reconstruction of the relationship of highways 40 and 141 to appellants' property. Respondent neither acquired a new right-of-way from appellants nor instituted condemnation proceedings to acquire such rights for the change and reconstruction of the highways. As a direct consequence of the reconstruction and reorganization of the highways adjacent to appellants' property, the property was damaged. Respondent's actions specifically and uniquely injured appellants because the actions obstructed access and visibility to appellants' property. Appellants asked for six million dollars in damages.[1]

In determining the sufficiency of a petition to which a motion to dismiss is directed, we give the petition its broadest intendment treating all alleged facts as true. *Johnston v. Norrell Health Care*, 835 S.W.2d 565, 567 (Mo.App.E.D.1992). We affirm the dismissal of a suit if it can be sustained on any ground which is supported by the motion to dismiss regardless of whether the trial court relied on that ground. *Property Exchange & Sales, Inc. v. King*, 822 S.W.2d 572, 573 (Mo.App.1992).

■ Article 1, § 26 of the Missouri Constitution provides in part "[t]hat private property shall not be taken or damaged for public use without just compensation." Appellants argue they can prosecute a claim for inverse condemnation under the "or damaged" language of Article 1, § 26 of the Missouri Constitution even though none of their property was actually taken by the respondent.

■ It is not necessary that a landowner show an actual physical taking of the property to prosecute a claim for inverse condemnation. *Roth v. State Highway Comm'n*, 688 S.W.2d 775, 777 (Mo.App.1985). The landowner however must plead and prove " 'an invasion or an appropriation of some valuable property right which the landowner has to the legal and proper use of his property....' " *Id.* (quoting *Hamer v. State Highway Comm'n*, 304 S.W.2d 869, 871 (Mo. 1957)). In *Hamer*, the Supreme Court considered whether plaintiff stated a cause of

---

1. Appellants' motion to strike respondent's supplemental legal file is sustained. Rule 81.12(b). In its brief, respondent moved that appellants' statement of facts be stricken because of alleged violations of Rule 84.04(c). As a matter of discretion, we decline to strike.

action for inverse condemnation under Article 1, § 26, where none of plaintiff's property was actually taken. Plaintiff alleged that defendant notified him of its intention to construct a highway over his property, that he changed plans to conform to the proposed construction, and that defendant subsequently abandoned its plans to construct the highway. *Id.* at 870. Because plaintiff failed to allege defendant invaded or appropriated any valuable property right which plaintiff had for the legal and proper use of his property, the Supreme Court affirmed the trial court's sustaining of defendant's motion to dismiss for failure to state a claim upon which relief could be granted. *Id.* at 874.

In their petition, appellants alleged that respondent's actions changed the relationship of the highways to appellants' property. Appellants also alleged they were injured because respondent's reconstruction of the highways obstructed access and visibility to their property. The issue therefore, is whether appellants have a right to the general public's access and visibility to their property.

In a condemnation case, our Supreme Court considered, among others, the issue of a landowner's right to the public's access to its property. *State ex rel. Highway Comm'n. v. Meier,* 388 S.W.2d 855 (Mo. banc 1965). The Court stated:

> Nor does the right of ingress or egress to or from one's property include any right in and to the existing public traffic on the highway, or any right to have such traffic pass by one's abutting property.... Respondent [property owner] has never had a property right in the traffic, great or small, on the highway, nor a right to recover damages for a decrease in value of her premises by reason of the diversion of traffic away from her property, nor has she had a property right to have the same amount of traffic pass her property as before or to have it move in the same direction.

*Id.* at 857. In a subsequent condemnation case, the Supreme Court held that inconveniences resulting from noise, speed and increased traffic may affect future use and therefore the property's market value. *State*

*ex rel. State Highway Comm'n. v. Galeener,* 402 S.W.2d 336, 340 (Mo.1966). Relying in part on this decision, we held in a case where approximately twenty thousand square feet of land was taken that evidence of loss of traffic and visibility was admissible "for the limited purpose of explaining the affect of these elements on the value of the property because they may affect highest and best use." *State ex rel. Highway and Transp. Comm'n. v. Lynch Toyota,* 830 S.W.2d 481, 486 (Mo.App.E.D.1992). *See also State ex rel. Highway and Transp. Comm'n. v. Wallach,* 845 S.W.2d 703, 705 (Mo.App.E.D.1993).

This ruling does not mean however that loss of traffic and visibility are separately compensable elements of damage and therefore constitute protected property rights. There is a distinction between loss of traffic and visibility as compensable elements of damage versus admission of this type of evidence to determine a property's best use. *State ex rel. Highway Comm'n. v. Nickerson,* 578 S.W.2d 916, 919 (Mo. banc 1979). In *Galeener,* the Court held that noise, speed and increased traffic were not elements of damages for which a landowner could be compensated but that such factors could affect future use and therefore market value. *Id.* at 340. This court recognized the distinction expressed in *Galeener,* and noted that in subsequent cases Missouri courts have also recognized that traffic, among other things, "while not separable elements of compensation in and of themselves, may be considered as factors which contribute to a diminution of market value." *State ex rel. Highway and Transp. Comm'n. v. Mosley,* 697 S.W.2d 247, 248 (Mo.App.1985) (citations omitted). Although evidence of traffic and visibility has been held admissible in taking cases for determining a property's best use, these are not separate elements of damage for which a landowner may be compensated.

The crux of appellants' complaint is that respondent's reorganization of the highways made it more difficult for the general public to get to and see their property. The rule as stated in *Meier* is therefore applicable to the present case. A person does not have a property right in the existing public traffic or any right to have the same amount of traffic

pass by his property. *Id.* at 857. In addition, appellants' claim of a right to the public's visibility to their property is inextricably related to their claimed property right in the traffic. *Kansas City v. Berkshire Lumber Co.,* 393 S.W.2d 470, 474 (Mo.1965). Appellants have neither a protected property right in the public's access to their property nor a protected property right to the public's visibility to their property. In their petition, appellants failed to allege that respondent appropriated any property or valuable property right which appellants had for the legal and proper use of their property. Accordingly, the trial court did not err in sustaining respondent's motion to dismiss for failure to state a cause of action.

Appellants also argue that to deny recovery in this case and permit recovery in *State ex rel. Highway and Transp. Comm'n. v. Lynch Toyota,* 830 S.W.2d 481 (Mo.App. E.D.1992), violates their equal protection rights as guaranteed by the Constitutions of the United States and Missouri. " 'The equal protection clause guarantees that similar individuals will be dealt with in a similar manner by the government.' " *Tyler v. Mitchell,* 853 S.W.2d 338, 341 (Mo.App.W.D. 1993) (quoting J. Nowak, R. Rotunda and J. Young, Handbook on Constitutional Law, 519 (1978)).

In *Lynch Toyota,* approximately twenty thousand square feet of the property owner's land was actually taken. *Id.* at 484. In the present case, no land or protected property right was taken by the respondent. Equal protection of the law does not require that things which are different in fact be treated in law as though they were the same. *State v. Champ,* 477 S.W.2d 81, 82 (Mo.1972). The facts in the present case are clearly distinguishable from those found in *Lynch Toyota,* and therefore appellants' equal protection claim is denied.

The trial court's judgment is affirmed.

SIMON, P.J., and KAROHL, J., concur.