NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PETER T. VAN BAALEN , *Plaintiff/Appellant,*

*v.*

LELAND JONES and MAURY MARK MONTOYA, *Defendants/Appellees.*

No. 1 CA-CV 13-0411
FILED 07-31-2014

Appeal from the Superior Court in Maricopa County
No. CV2010-052335
The Honorable Alfred M. Fenzel, Judge

**AFFIRMED**

COUNSEL

Law Office of Richard T. Weissman, PLLC, Mesa
By Richard T. Weissman
*Counsel for Plaintiff/Appellant*

Sherman & Howard L.L.C., Phoenix
By David A. Weatherwax and Dewain D. Fox
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

**W I N T H R O P,** Judge:

¶1          Peter T. Van Baalen ("Plaintiff") brought a private nuisance action against his neighbors, Leland Jones and Maury Mark Montoya (collectively, "Defendants"), alleging they had (1) planted trees that obstructed his scenic views, shed leaves into his pool, and damaged his pool filter; (2) intentionally parked vehicles so they obstructed his scenic view and would "spew noxious fumes" onto his property; and (3) constructed an unsightly fence.  The trial court granted Defendants' motion for summary judgment and denied Plaintiff's motion to reconsider the denial of a motion to compel the discovery of medical records.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2          The parties own adjacent properties on a hillside, with Plaintiff's property located above Defendants' property.  Sometime after purchasing his property, Plaintiff had a pool built in close proximity to an existing driveway on Defendants' property.

¶3          In 2009, Plaintiff sent a letter to Jones demanding he trim or remove a mesquite tree that allegedly interfered with Plaintiff's view and caused problems with his pool.  Plaintiff threatened to file a lawsuit against Jones, and the draft complaint also alleged Defendants were parking their vehicles in such a manner as to interfere with Plaintiff's enjoyment of his property.  The parties reached an agreement to remove the tree,[1] which included allowing Plaintiff temporary access to Defendants' property and a release of all claims against Jones.[2]

¶4          Defendants subsequently planted three small saplings near the property line between the two properties.[3]  Additionally, Plaintiff alleged that, after the release, Defendants resumed parking vehicles on their property so as to partially obstruct Plaintiff's view and so that, when running, they "would spew noxious exhaust fumes into [Plaintiff's] pool and patio areas."  However, Plaintiff also admitted the parking issue had "essentially ceased."  Plaintiff also alleged Defendants constructed a fence

---

[1]          Plaintiff later acknowledged the tree was on *his* property.

[2]          Plaintiff also agreed to "remove all bricks previously placed by [him] on Jones' property."

[3]          Soon after, the small saplings died and were removed.

running parallel to a fence on Plaintiff's property that Defendants left unfinished on Plaintiff's side.

¶5            Plaintiff alleged these actions constituted a private nuisance, and he sought a permanent injunction and damages. Defendants filed a counterclaim, asserting claims for breach of the written release and abuse of process.

¶6            Plaintiff subsequently filed a motion to compel production of Jones' medical records or, alternatively, for an independent medical examination (collectively, the "motion to compel"). Plaintiff alleged that, because Jones' malicious intent and capacity to testify were at issue, his mental state was relevant. The trial court denied Plaintiff's motion to compel and motion for reconsideration without comment.

¶7            Defendants filed a motion for summary judgment, arguing (1) Plaintiff could not establish a nuisance claim because he had no right to a view without an easement; (2) Defendants' conduct did not significantly interfere with Plaintiff's use of his property or significantly harm Plaintiff; (3) the release barred the nuisance claim as it related to the parking activity; and (4) the request for an injunction regarding the three small trees was moot because those trees had died and were not replaced. The trial court granted Defendants' motion for summary judgment without comment. Plaintiff filed a motion for new trial and sought reconsideration of the summary judgment, which the trial court denied without comment.

¶8            The trial court entered a signed judgment containing Rule 54(b) language that both granted summary judgment on Plaintiff's nuisance claims and denied Plaintiff's motion for reconsideration of the motion to compel. *See* Ariz. R. Civ. P. 54(b). Plaintiff filed a timely notice of appeal from the judgment, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and (5)(a) (Supp. 2013).

## ANALYSIS

¶9            Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a); *accord Brenteson Wholesale, Inc. v. Ariz. Pub. Serv. Co.*, 166 Ariz. 519, 522, 803 P.2d 930, 933 (App. 1990). We review *de novo* the court's grant of summary judgment. *Swift Transp. Co. v. Maricopa Cnty*, 225 Ariz. 262, 264, ¶ 11, 236 P.3d 1209, 1211 (App. 2010).

¶10 To establish a private nuisance, Plaintiff was required to prove Defendants' conduct intentionally and unreasonably interfered with the use and enjoyment of his property, causing significant harm. *See Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 489, ¶ 32, 167 P.3d 1277, 1284 (App. 2007); Restatement (Second) of Torts ("Restatement") §§ 821D, 821F, 822 (1979). "The interference must be 'substantial, intentional and unreasonable under the circumstances.'" *Nolan*, 216 Ariz. at 489, ¶ 32, 167 P.3d at 1284 (quoting *Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 148 Ariz. 1, 7, 712 P.2d 914, 920 (1985)).

### I. Mootness

¶11 Defendants argue the issue of the entire appeal is moot because the trees at issue died shortly after they were planted, they were not replaced, and Plaintiff no longer lives in his home. Defendants still own their property, however, and thus could replace the trees in the future. That Plaintiff has listed his home for sale does not establish he no longer has a protectable interest in his property. Plaintiff still owns the property. Thus, Plaintiff's appeal is not moot because the parties still own adjacent properties and these issues could recur. *See Bank of New York Mellon v. De Meo*, 227 Ariz. 192, 193-94, ¶ 8, 254 P.3d 1138, 1139-40 (App. 2011) ("A decision becomes moot for purposes of appeal where, as a result of a change of circumstances before the appellate decision, action by the reviewing court would have no effect on the parties." (citations omitted)). In any event, this court may decide a moot issue if it is capable of repetition, yet evades review. *Id.* (citations omitted).

### II. View Obstruction as Nuisance

¶12 Plaintiff claims his scenic view was partially obstructed by Defendants' trees and parked cars in their driveway. Plaintiff contends the obstruction constitutes an invasion of his interest in the use and enjoyment of his property, and that he has a protected interest in a view. Defendants argue Plaintiff has no legal interest in a scenic view from his property absent an easement and, therefore, cannot establish a nuisance claim.

¶13 The generally recognized rule is that obstruction of a landowner's view does not constitute a private nuisance absent a statute or an easement to the contrary. *See 1 Am. Jur. 2d* Adjoining Landowners §§ 93, 102 (2014) (citing cases); *see also Sher v. Leiderman*, 226 Cal. Rptr. 698, 701 (Cal. Ct. App. 1986); *Venuto v. Owens-Corning Fiberglas Corp.*, 99 Cal. Rptr.

350, 357 (Cal. Ct. App. 1971)[4]; *Mohr v. Midas Realty Corp.*, 431 N.W.2d 380, 381-82 (Iowa 1988); *44 Plaza, Inc. v. Gray-Pac Land Co.*, 845 S.W.2d 576, 578 (Mo. Ct. App. 1992). Arizona courts have not yet decided this issue.

¶14 Plaintiff appears to contend that in *Brenteson* this court implicitly recognized an interest in a scenic view without an easement. We disagree. The landowner in *Brenteson* had an express easement, which this court held extended to the airspace above the easement pursuant to former A.R.S. § 28-1703 (now § 28-8207). *See* 166 Ariz. at 523, 813 P.2d at 934. *Brenteson* did not recognize a landowner's right to a scenic view absent an easement.

¶15 Both parties also find support in *Rodgers v. Ray*, 10 Ariz. App. 119, 457 P.2d 281 (1969), *disapproved of on other grounds in Coburn v. City of Tucson*, 143 Ariz. 50, 51-52, 691 P.2d 1078, 1079-80 (1984). *Rodgers* held, in a negligence action, that a landowner owes no duty "to refrain from using his land so as to obstruct a view across his property for those using the [adjacent] public highways." *Id.* at 121, 457 P.2d at 283. This holding is unhelpful, however, because it was made in relation to a negligence claim, not a nuisance claim.

¶16 Defendants contend the court's discussion of an implied easement of view in *Rohde v. Beztak of Ariz., Inc.*, 164 Ariz. 383, 793 P.2d 140 (App. 1990), is instructive. However, *Rohde* did not address a nuisance claim; rather, the court discussed the elements of an implied easement of view, a claim Plaintiff does not assert here. *See id.* at 387-88, 793 P.2d at 144-45.

¶17 Plaintiff argues that, regardless whether Arizona follows the general rule that a view is not a legally protected interest, Defendants acted maliciously, which, under Restatement § 829, constitutes a per se unreasonable interference with Plaintiff's interests. Defendants maintain invasion of a legally recognized interest is required before the court even considers whether allegedly malicious conduct is unreasonable per se.

---

[4] The parties dispute *Venuto*'s holding. *Venuto* recognized that, although California courts had in some cases found activities that disturb the enjoyment of property - such as smoke, noise, and dust - constitute a nuisance, courts have also held that a structure is not a nuisance "merely because it obstructs the view from neighboring property." 99 Cal. Rptr. at 357. Thus, *Venuto* adopted the general rule stated above.

Defendants also contend Plaintiff did not establish they acted with a solely malicious purpose, so Plaintiff cannot defeat summary judgment.

¶18            Arizona has not yet adopted the rule recognized in Restatement § 829 that malicious conduct constitutes an unreasonable invasion per se. We do not decide today whether to adopt the general rule that a landowner has no legal right to a scenic view without an easement or whether a party's malicious intent renders any invasion of another's use and enjoyment of his property unreasonable per se. Instead, we conclude Plaintiff has failed to establish the element of significant harm needed to establish his nuisance claim. Even if we were to assume Plaintiff has a legally recognized interest in a scenic view and/or Defendants acted maliciously, Restatement § 829, comment b, states the rule that malicious conduct is unreasonable per se "applies only when the harm is significant." Plaintiff failed to offer evidence that Defendants' acts caused significant harm.

¶19            Comment c to § 821F of the Restatement describes "significant harm" as follows:

> By significant harm is meant harm of importance, involving more than slight inconvenience or petty annoyance. The law does not concern itself with trifles, and therefore there must be a real and appreciable invasion of the plaintiff's interests before he can have an action for . . . a private nuisance. . . . [I]n the case of a private nuisance, there must be a real and appreciable interference with the plaintiff's use or enjoyment of his land before he can have a cause of action.

*Accord Nolan*, 216 Ariz. at 489, ¶ 32, 167 P.3d at 1284.

¶20            Even viewing the evidence in the light most favorable to Plaintiff, we conclude the record does not contain sufficient evidence of significant harm to preclude summary judgment. *See Rand v. Porsche Fin. Servs.*, 216 Ariz. 424, 429, ¶ 15, 167 P.3d 111, 116 (App. 2007) (recognizing that, in reviewing a grant of summary judgment, we view the facts and inferences in the light most favorable to the party opposing summary judgment). The significance of the harm is a different inquiry than the gravity of harm that Plaintiff argues is a question of fact. The gravity of harm is balanced against the utility of conduct in determining if the conduct constitutes an unreasonable invasion of the use and enjoyment of property. `*See* Restatement §§ 826, 829; *Armory Park*, 148 Ariz. at 7-8, 712 P.2d at 920-

6

21. It is that balancing that involves weighing competing interests. Our decision is based upon the lack of evidence of any significant harm caused by Defendants' conduct. *See* Restatement § 821F.

**¶21** Plaintiff contends the trees obstructed his view, which diminished the value of his property. However, Plaintiff offered no evidence other than his own declaration of this fact.[5] Although it is evident that property with an obstructed view may be worth less than one with an unobstructed view, Plaintiff's statement that his property value could be diminished in the future if the view is obstructed is insufficient evidence of significant harm. There are currently no trees obstructing Plaintiff's view, and Defendants do not live on their property. Thus, the potential harm is de minimis. Additionally, Plaintiff offered no expert opinion to substantiate his opinion. Although a property owner can testify to the value of his property, *see Town of Paradise Valley v. Laughlin*, 174 Ariz. 484, 486, 851 P.2d 109, 111 (App. 1992), Plaintiff's statement did not establish more than a scintilla of evidence of any significant harm. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 311, 802 P.2d 1000, 1010 (1990) (holding that a party must establish more than a "scintilla of evidence" to preclude summary judgment).

**¶22** In *City of Tucson v. Apache Motors*, 74 Ariz. 98, 101, 245 P.2d 255, 257 (1952), our Supreme Court held the measure of damages in a permanent nuisance case "is the difference between the market value of the premises immediately before and its market value immediately after the completion of the structure creating the nuisance." Plaintiff's statement as to a possible future diminution in value does not support an award of damages. As to Plaintiff's claim for injunctive relief, Plaintiff relies on *Brenteson*, 166 Ariz. at 522-23, 803 P.2d at 933-34, for the proposition that harm need not be actually occurring for injunctive relief to be appropriate. However, the potential harm in *Brenteson* - serious bodily injury or death

---

[5]     Plaintiff's declaration stated:

> The nuisances created by the Defendants have significantly interfered with the use and enjoyment of my property. If not enjoined from recreating the above nuisances and the conduct reoccurs, the value of my property and my enjoyment thereof will be significantly impaired. If this southern view of the city is obstructed, the value of my property could decrease by as much as 40%.

from an airplane drifting into power lines - was substantially different than the potential inconvenience and harm Plaintiff alleged here. The injunction was permitted in *Brenteson* based upon the potential for serious injury or death. *Id.* Here, Plaintiff only speculated his property value may decrease if Defendants moved back in and replanted the trees. This does not establish significant harm. Therefore, there is no question of fact for the jury.[6]

### III. Leaves, Fumes, and Fence as Nuisance

**¶23**　　　Plaintiff also failed to offer any evidence to support his assertion that leaves from Defendants' trees caused actual damage to his pool system. Even assuming some of Defendants' leaves blew into his pool, that fact alone does not establish an invasion that was "definitely offensive, seriously annoying or intolerable." *See* Restatement § 821F cmt. d. Moreover, Plaintiff did not establish that leaves from Defendants' trees were any more to blame for his annoyance than were the leaves from trees (and debris from other vegetation) on Plaintiff's own property.

**¶24**　　　Plaintiff also offered no evidence that fumes from cars parked on Defendants' driveway caused any significant harm. Plaintiff did not establish how frequently or for how long cars emitted exhaust fumes in the direction of his pool area. Although Plaintiff stated the cars parked near his pool area daily, he did not establish the cars were left running for any significant amount of time while he or his guests were in that area. *See Orme Sch.*, 166 Ariz. at 311, 802 P.2d at 1010. Thus, Plaintiff has not shown this conduct was significantly harmful.

**¶25**　　　Finally, Plaintiff has admitted in his opening brief that Defendants' fence only "minimally detracted from the view" and did so, in part, because it was left unfinished on Plaintiff's side. In fact, Plaintiff seeks only to finish his side of the fence. This fails to rise to the level of significant harm.

---

[6]　　　Plaintiff also argues Defendants' alleged malice permits an injunction absent any damages. Plaintiff cites no authority for this proposition. Pursuant to Restatement § 829, the existence of malice is relevant in determining whether Defendants' conduct was unreasonable. Plaintiff cites no authority for the proposition that any malicious conduct may be enjoined absent significant harm.

¶26         We conclude the trial court properly granted summary judgment in favor of Defendants on Plaintiff's nuisance claims.  Plaintiff failed to establish a question of fact as to the significance of the harm.  Therefore, we need not decide the reasonableness of any invasion or whether Plaintiff had a legally protected interest in his scenic view.  We affirm the judgment.[7]

*IV.        Attorneys' Fees and Costs on Appeal*

¶27         Defendants request an award of attorneys' fees pursuant to the language in the release.  Additionally, pursuant to A.R.S. § 12-349(A) (Supp. 2013) and Rule 11, Ariz. R. Civ. P., Defendants seek an award of attorneys' fees related to the denial of Plaintiff's motion to compel discovery.  Our resolution of the summary judgment made it unnecessary to address these issues; therefore, we deny Defendants' request for fees.  We award Defendants their costs on appeal pursuant to A.R.S. § 12-342 (2003), however, upon compliance with Rule 21, ARCAP.

**CONCLUSION**

¶28         We affirm the judgment in favor of Defendants and award Defendants their costs on appeal.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

---

[7]      In light of this disposition, it is not necessary to consider Jones' mental capacity.  Therefore, we do not address the denial of Plaintiff's motion to reconsider the motion to compel discovery related to this issue.  Additionally, in light of this disposition, we need not and do not address the effect of the parties' prior release.