Lisa Van Amburg, Judge *607 Scott Family Properties appeals from the trial court's judgment dismissing with prejudice its petition against the Missouri Highways and Transportation Commission for inverse condemnation. We affirm.
Background
Scott owns an office building adjacent to Interstate 64 in Chesterfield. In 2015, the Commission built a sound wall on its own property between the highway and Scott's building without first providing Scott notice or an opportunity to comment as provided by Missouri Department of Transportation policy.[1] Scott promptly filed a petition for inverse condemnation based on nuisance, pleading that the sound wall impaired Scott's ability to attract tenants, resulting in $5 million in damages.[2] The Commission responded with a motion to dismiss the petition for failure to state a claim, arguing that Missouri law doesn't recognize a protectable interest or right in the public visibility of one's property.
The trial court granted the Commission's motion to dismiss, citing Missouri precedent holding that landowners have no legally enforceable right to the public's access to or visibility of their property. Scott appeals and asserts that such precedent doesn't apply where, as here, the Commission's action was unlawful.
Standard of Review
The standard of review for a trial court's grant of a motion to dismiss is de novo , accepting the facts alleged in the petition as true and construing them liberally in favor of the plaintiff. Lynch v. Lynch , 260 S.W.3d 834, 836 (Mo. 2008). If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim. Id. The petition is reviewed in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action. Keveney v. Missouri Military Academy , 304 S.W.3d 98, 101 (Mo. 2010)
Discussion
In its sole point, Scott contends that the trial court erred in relying on Missouri precedent governing traditional inverse condemnation cases rather than determining the adequacy of the petition on the elements of inverse condemnation based on nuisance. Inverse condemnation is the exclusive remedy when private property is taken or damaged without compensation as a result of a nuisance operated by an entity that has the power of eminent *608 domain. Miller v. City of Wentzville , 371 S.W.3d 54, 57 (Mo. App. E.D. 2012). Nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his property. Id. The elements are: (1) notice by the complaining landowner, (2) the other's unreasonable operation in spite of notice, (3) injury, (4) damage, and (5) causation. Id. Specifically, here, Scott asserts that the Commission built the sound wall unlawfully, and thus unreasonably, by failing to follow procedures requiring notice and public comment.
First, we note that the procedures in question are not codified in the Missouri Revised Statutes or Code of State Regulations; rather, they are stated in section 127.13 of an Engineering Policy Guide published by MoDOT in accordance with Federal Highway Administration Noise Standards as criteria for federal funding. 23 C.F.R § 772. Scott provides no authority for the premise that the Commission's non-compliance with MoDOT policy, while perhaps subject to federal scrutiny, is "unlawful" so as to give rise to a personal cause of action in tort. We decline to leap to that legal conclusion.
Second, even accepting Scott's premise that the Commission's procedural omissions were unlawful-or at least unreasonable-in satisfaction of the second element of nuisance, Missouri precedent still precludes an affirmative finding on the third element: injury. To prevail on a claim for inverse condemnation, a landowner "must plead and prove an invasion or appropriation of some valuable property right" that "directly and specially affects the landowner to his injury." Dynasty Home, L.C. v. Pub. Water Supply Dist. No. 3 of Franklin Cty., Missouri , 453 S.W.3d 876, 879 (Mo. App. E.D. 2015). Fatal to Scott's claim, then, visibility is not a valuable property right. 44 Plaza, Inc. v. Gray-Pac Land Co. , 845 S.W.2d 576 (Mo. App. E.D. 1992) ; Forty Mill Realty Venture v. State ex rel. Missouri Highways & Transportation Dept. , 872 S.W.2d 528 (Mo. App. E.D. 1994). In 44 Plaza , a landowner installed signs and trees blocking the view of its neighbor's competing business from the highway. In Forty Mill , MoDOT reconfigured an interchange in a manner that obstructed access to and visibility of a landowner's commercial property. In each case, this court held that the landowner had no legally protectable property right in the visibility of its building.[3] Forty Mill , 872 S.W.2d at 531 ; 44 Plaza , 845 S.W.2d at 580. If Scott has no property right in the visibility of its building, then Scott also has no actionable injury resulting from the Commission's obstruction of that view.[4]
*609 Finally, Scott urges this court to ignore these authorities and instead rely on cases holding that unsightliness affecting property value creates an actionable nuisance. See e.g. Rosenfeld v. Thoele , 28 S.W.3d 446 (Mo. App. E.D. 2000) (recognizing nuisance where debris, fill area, and tie wall created unsightliness affecting property value). But those cases are clearly distinguishable on their facts. Scott doesn't plead that the sound wall is unsightly but rather that it blocks the building out of sight. On that central fact, binding Missouri precedent squarely defeats Scott's cause of action.
Conclusion
Even assuming that the Commission's procedural omissions were unreasonable, Scott cannot establish injury to a recognized property right so as to satisfy the elements of inverse condemnation based on nuisance. The trial court's judgment dismissing Scott's petition is affirmed.
Colleen Dolan, P.J., and Sherri B. Sullivan, J., concur.

While the Commission does not concede these facts, this court's standard of review directs that we accept as true Scott's allegation that the Commission failed to comply with applicable procedures for notice and public input. Lynch v. Lynch , 260 S.W.3d 834, 836 (Mo. 2008).

Scott's first petition also asserted state and federal constitutional claims on theories of due process and equal protection. The case was removed to federal court, where the District Court dismissed the federal claims as unripe for failure to exhaust state remedies and also dismissed all claims on the merits for failure to state a claim. Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Scott Family Properties, LP v. Missouri Highways and Transportation Commission ,190 F.Supp.3d 864 (E.D. Mo. 2016). The Eighth Circuit vacated the District Court's dismissal on the merits and ordered the case remanded to the trial court here, reasoning that, because the District Court lacked subject matter jurisdiction over the federal claims, it should not have exercised supplemental jurisdiction over the state claims. Scott Family Properties, LP v. Missouri Highway and Transportation Commission , 674 Fed.Appx. 598 (8th Cir. 2017). On remand, Scott's second amended petition re-asserted only its claim of inverse condemnation.

Scott urges this court to ignore its own precedent in Forty Mill and 44 Plaza on the basis that other cases cited therein didn't mandate our conclusion that visibility isn't a property right. Scott's argument fails on multiple levels. First, Forty Mill and Plaza 44 (which the Missouri Supreme Court declined to review) are binding on this court as a matter of stare decisis . James v. Missouri State Highway Patrol , 505 S.W.3d 378 (Mo. App. E.D. 2016). Moreover, the principal underlying Supreme Court case to which Scott refers, Kansas City v. Berkshire Lumber Co. , 393 S.W.2d 470 (Mo. 1965), does indeed expressly support this court's holding in Forty Mill . The Berkshire Court considered Berkshire's claim of an "easement for public view" as "inextricably related to a property right in the traffic" and rejected it.

Scott concedes that, if the Commission had followed its own procedures, then Scott would have no actionable injury. In other words, Scott suggests that the Commission's unreasonableness is itself the injury. Scott thus conflates two separate elements of nuisance.