**Ruth JARMAN, Respondent,**

v.

**Carl EISENHAUER, Personal Representative of the Estate of Agnes Hochberger, Appellant.**

No. 69609.

Supreme Court of Missouri, En Banc.

Feb. 17, 1988.

Karl L. Madden, Jr., Moberly, for appellant.

B. Daniel Simon, Columbia, for respondent.

BILLINGS, Chief Justice.

The only issue for decision in this case is whether the circuit court had jurisdiction of a declaratory judgment suit to determine ownership of certificates of deposit registered in the names of a deceased person and plaintiff as joint tenants with right of survivorship. The court of appeals ruled the probate division of the circuit court had exclusive jurisdiction under discovery of assets proceeding, dismissed the appeal for want of jurisdiction, and remanded the case to the circuit court with directions to transfer it to the probate division.

The circuit court had jurisdiction to entertain plaintiff's action for a declaratory judgment and the case is retransferred to the court of appeals for consideration of the remaining issues.

During the lifetime of Agnes Hochberger certain certificates of deposit, money market certificates and securities were issued in her name and that of plaintiff Jarman as joint tenants with right of survivorship. Following Hochberger's death, plaintiff Jarman brought this suit for declaratory judgment in the circuit court against the personal representative of Hochberger and the various financial institutions that had issued the joint instruments. Plaintiff sought a determination that she was the sole owner by reason of survivorship. Among other allegations, she alleged a prior declaratory suit brought by a guardian for Hochberger was *res adjudicata* as to all issues of joint ownership and that the estate was estopped from asserting any right, title or interest to the certificates and securities. The personal representative denied plaintiff's claim. The trial court concluded Jarman, as surviving joint tenant, was the owner of the certificates of deposit, money market certificates, and securities.

Section 473.340, RSMo 1986, authorizes discovery proceedings. It provides in part

Any executor, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate *may* file a verified petition in the probate division of the circuit court in which said estate is pending seeking determination of the title, right of possession thereto, or both. (emphasis added).

The former version of this statute limited the parties entitled to initiate discovery of assets proceedings, limited the type of property allegedly withheld, and further limited the proceeding to an effort to bring claimed assets into the estate. The current statute is much broader, but, as noted, is permissive, not mandatory.

Chapter 527, RSMo 1986, authorizes circuit courts to entertain jurisdiction of what are commonly denominated as suits for declaratory judgment. Section 527.010 states in part the circuit courts of this state, within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. Section 527.120 states the declaratory judgment law is remedial and its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other

legal relations. Rule 87 of this Court tracks the statutes found in Chapter 527 and, as does the applicable statute, declares relief by way of declaratory judgment is available "in any instance in which it will terminate a controversy or remove an uncertainty."

In *McGee v. St. Francois County Savings & Loan Association*, 559 S.W.2d 184 (Mo. banc 1977), this Court encountered no jurisdictional problem in resolving and determining the ownership of joint certificates of deposit in a declaratory judgment suit brought in the circuit court by the surviving joint tenant against the estate of the deceased joint tenant and the savings and loan association that had issued the certificates. In ruling the case this Court considered and reviewed its prior opinion in *In re Estate of LaGarce*, 487 S.W.2d 493 (Mo.banc 1972), which had its origin in a discovery of assets proceeding.

In *Higgins v. McElwee*, 680 S.W.2d 335 (Mo.App.1984), the court considered and rejected the contention that the availability of discovery of assets proceedings pursuant to Section 473.340 foreclosed declaratory judgment relief. In so doing, that court relied upon *Mathews v. Pratt*, 367 S.W.2d 632 (Mo.1963). *Mathews* was a suit for declaratory judgment brought by an executor against the survivor of bank accounts which had been in the joint names of the decedent and survivor and the court recognized *concurrent* jurisdiction of the circuit court and probate court in such cases.

The Court holds the circuit court had jurisdiction to determine the ownership of the joint certificates of deposit, joint money market certificates, and jointly named securities, and that such jurisdiction is concurrent with the jurisdiction of the probate court in discovery of assets proceedings.

This case is retransferred to the court of appeals for consideration on the merits of the remaining issues.

All concur.