**In re: The ESTATE OF Elvadine RIDGEWAY, deceased.**

**No. ED 97192.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 26, 2012.

Elton W. Fay, Columbia, MO, for appellant.

Robert V. Krueger, Mexico, MO, for respondent.

*OPINION*

CLIFFORD H. AHRENS, Presiding Judge.

Robert Ball appeals the judgment of the probate division of the circuit court dis-

missing his petition for discovery of assets in the estate of Elvadine Ridgeway. We reverse and remand.

## Background

In April 2006, Grant and Elvadine Ridgeway, husband and wife, executed durable powers of attorney naming Patrick Farnen as their attorney-in-fact. Grant died later in 2006. Elvadine's health declined substantially in the fall of 2009, and she was admitted to Audrain Medical Center on November 9. Farnen began exercising his powers of attorney when Elvadine was hospitalized, and Appellant alleges that doctors deemed her incapacitated at that time, though his subpoena for her medical records remains unanswered. On November 24, 2009, Elvadine's niece and nephew, Iris Shoemaker and Steve Holtcamp, caused her to execute a new durable power of attorney naming themselves as attorneys-in-fact. Shoemaker and Holtcamp began signing checks and conducting other business on Elvadine's behalf November 27.

Elvadine died January 10, 2010, and Farnen was appointed as personal representative of her estate. In Elvadine's last will and testament, among other gifts, she bequeathed twenty percent of her estate, with a maximum $25,000, to each of Appellant and Holtcamp. Shoemaker received nothing. The initial inventory of the estate indicated that Elvadine's only assets were her home, valued at $81,500 (ultimately sold for $65,000), and personal belongings of approximately $4,600. Absent from the inventory were multiple certificates of deposit, a checking account, and two vehicles previously in Elvadine's name with a total value over $387,000. Appellant filed a petition for discovery of assets and an accounting, alleging essentially that Shoemaker and Holtcamp used an invalid power of attorney to transfer these assets

out of the estate. Appellant would later allege more specifically that Shoemaker and Holtcamp designated themselves as payable-on-death (POD) beneficiaries of the bank accounts and re-titled the vehicles in their own names within three days of obtaining their powers, thereby stripping the estate of substantial assets intended for Elvadine's testamentary beneficiaries. Appellant also filed a claim against the estate for $103,050 representing fees for home care and transportation services allegedly rendered to the Ridgeways between January 2000 and November 2009.

Shoemaker, Holtcamp, and Farnen as personal representative of the estate (collectively, Respondents) sought to dismiss Appellant's petition for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Specifically, Respondents argued that Appellant's petition was really a claim of breach of fiduciary duty, over which the probate division lacked jurisdiction, and that the petition failed to identify particular estate assets to be discovered. In arguments before the trial court on the motion, Respondents' counsel claimed that Elvadine was competent to execute the 2009 power of attorney and that most POD designations preceded Elvadine's death, so the accounts were never part of the estate anyway. The trial court granted the motion to dismiss, and this appeal followed.

## Standard of Review

In reviewing a trial court's grant of a motion to dismiss, this court gives the pleadings their broadest intendment, treats all alleged facts as true, and construes the allegations favorably to the plaintiff. *Breeden v. Hueser*, 273 S.W.3d 1, 6 (Mo.App.2008). If the facts pled and the reasonable inferences therefrom, viewed most favorably to the plaintiff,

show any ground for relief, then the plaintiff has the right to proceed. *Id.* This court must affirm the trial court's ruling if the motion could have been sustained on any of the meritorious grounds raised in the motion, regardless of whether the trial court relied on that particular ground. *Id.* It will not, however, affirm the grant of a motion to dismiss on grounds not stated in the motion. *Id.* The standard for reviewing the grant of a motion to dismiss is *de novo. Id.*

## Law and Analysis

■■■ Appellant brought this action for discovery of assets under section 473.340 RSMo, which reads in pertinent part as follows:

Any personal representative, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate division of the circuit court in which said estate is pending seeking determination of the title, or right of possession thereto, or both. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed.

. . .

Upon a trial of the issues, the court shall determine the persons who have an interest in said property together with the nature and extent of any such interest. The court shall direct the delivery or transfer of the title or possession, or both, of said property to the person or persons entitled thereto and may attach the person of any party refusing to make delivery as directed. If the party found to have adversely withheld the title or possession, or both, of said property has transferred or otherwise disposed of the same, the court shall render a money judgment for the value thereof with interest thereon from the date the property, or any interest therein, was adversely withheld. In addition to a judgment for title and possession, or either, or for the value thereof, the court may enter a judgment for all losses, expenses and damages sustained, if any, but not including attorney fees, if it finds that the property was wrongfully detained, transferred or otherwise disposed of.

§ 473.340. As its name implies, a discovery of assets action is a search for assets belonging to the decedent at her death. *Estate of Herbert v. Herbert,* 152 S.W.3d 340, 345 (Mo.App.2004). Inasmuch as the purpose of the proceeding is to determine whether the assets in question were owned by the decedent at the time of her death and are being wrongfully withheld, the ultimate issue is whether title to the assets in question had passed from the decedent to another person prior to her death. *Id.* A proceeding under section 473.340 is similar to the common law actions of trover or conversion. *Ryan v. Spiegelhalter,* 64 S.W.3d 302, 305–306 (Mo. banc 2002).

## I. Probate Jurisdiction

■■■ For his first point, Appellant contends that the trial court erred in dismissing his petition for discovery of assets in that section 473.340 confers upon the probate division of the circuit court "original and exclusive jurisdiction over a proceeding to discover assets." *Ryan v. Spiegelhalter,* 64 S.W.3d 302 (Mo. banc 2002). Respondents counter that Appellant's petition is really a claim of breach of fiduciary duty, merely disguised as a discovery of assets, and therefore the probate division lacks subject matter jurisdiction over the action. Although the parties characterize

the issue as one of jurisdiction, in light of the Missouri Supreme Court's holding in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), we interpret the question as whether the probate division has the *authority* to entertain the petition.[1]

Reflecting the elements of the statute as set forth above, Appellant's petition alleged that: he was a beneficiary of the estate; Elvadine owned substantial bank accounts and other assets that should have become part of her estate at the time of her death; and Shoemaker and Holtcamp caused Elvadine to execute a new power of attorney when she was incompetent to do so and then took control of her assets and removed them from the estate. Respondents claimed that those assets passed outside the estate by virtue of POD designations made either by Elvadine before her death or by Shoemaker and Holtcamp pursuant to a valid power of attorney. Appellant, as a beneficiary, invoked the authority of the trial court under section 473.340 to compel discovery relating to these assets, determine whether they belonged in the estate, if so, account for their disposition, and order them returned to the estate for distribution in accordance with Elvadine's will. In other words, Appellant invoked the authority of the court "to determine whether the assets in question were owned by the decedent at the time of [her] death and are being wrongfully withheld" or whether, as Respondents assert, "title to the assets in question had passed from the decedent to another person prior to the former's death." *Herbert*, 152 S.W.3d at 345. Given the foregoing facts and the allegations and relief requested in the petition, there can be no doubt that the trial court possesses the statutory authority, under section 473.340, to entertain the petition for discovery of assets.

◼ We reject Respondents' argument that Appellant's claim is one of breach of fiduciary duty belonging in circuit court. From our review of the pleadings, it is clear that the petition sought to discover assets owned by Elvadine at the time of her death. While Respondents' fiduciary conduct is implicated, it is not the primary thrust of the petition.[2] Appellant seeks

---

1. "The subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution. Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that '[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal.' ... When a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant." *Evans v. Empire Dist. Elec. Co.*, 346 S.W.3d 313, 316 (Mo.App.2011) quoting *Webb*, 275 S.W.3d at 252–255.

2. Appellant challenges the underlying validity of Shoemaker's and Holtcamp's fiduciary status. If Elvadine was incompetent when she executed the new power of attorney in 2009, then they had no authority to act on her behalf, and any actions they took to remove assets from the estate are void. On remand, the probate division necessarily must determine whether their powers were valid in order to ascertain whether Shoemaker and Holtcamp lawfully transferred Elvadine's assets prior to her death. Alternatively, if, as Respondents argue, their powers were valid, the probate division has authority under section 404.731 to "hear and determine all matters pertaining to acts and transactions" they took on Elvadine's behalf. § 404.731.1. Respondents' attempt to litigate on appeal the facts relating to whether Elvadine was competent to execute a new power of attorney in November 2009, and thus whether that document validly confers such powers upon Shoemaker and Holtcamp, is improper. Respondents concede that proper authority rests with the probate division to resolve such matters on remand. See *Keyser v. Keyser*, 81 S.W.3d 164 (Mo.App.2002) (upholding probate division's finding that grantor was incapacitated and therefore power of attorney was null and void).

restoration of the missing assets and not damages for violation of Respondents' fiduciary duties. See *In re Estate of Boatright*, 88 S.W.3d 500 (Mo.App.2002). The probate division clearly has authority to resolve the matters raised in the petition pursuant to section 473.340. Point granted.[3]

## II. *Failure to State a Claim*

■ For his second point, Appellant contends that the trial court erred in dismissing his petition in that he stated a valid claim by pleading all requisite elements of section 473.340. Respondent Farnen counters that Appellant failed to identify the specific estate property that was wrongly withheld. But the statute doesn't require such specificity. As relevant to this point, the statute requires that "the petition shall describe the property, *if known*, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed." § 473.340.1. (emphasis added) Appellant's petition alleged that Elvadine "possessed substantial bank accounts and other valuable assets" that were removed by Shoemaker and Holtcamp using an invalid power of attorney. The very purpose of an action under section 473.340 is to compel discovery of specific assets and to ascertain whether they are part of the estate. It is clear from the language of the statute, particularly the qualifier "if known," that the petitioner need not provide identifying particulars (such as account numbers) in the initial petition.[4] In short, the petition satisfied the statute in a manner sufficient to put Respondents on notice of the claim and survive a motion to dismiss for failure to state a claim. Point granted.[5]

## III. *Facts Outside the Record*

■ Lastly, Appellant submits that the trial court erred by accepting oral assertions by counsel regarding the timing and legal effect of POD designations when there was no such evidence in the record. Specifically, during oral arguments on the

**3.** While this appeal was pending, Appellant and another heir filed in the circuit court a petition against Holtcamp and Shoemaker alleging tortious interference with an inheritance. Respondents assert that the present appeal is moot in light of this separate case, and their motion to dismiss this appeal was taken with the case. Appellant responds, and we agree, that the causes of action are substantially different. The present probate case necessitates findings as to whether Elvadine was competent to execute the 2009 power of attorney, whether that document effectively conferred powers on Shoemaker and Holtcamp, and ultimately whether their actions were valid or void. The relief sought is return of the assets to the estate. The tort case, in contrast, impugns Respondents' actions in re-designating assets to themselves such that Elvadine's heirs were deprived of their testamentary gifts. Relief is sought in the form of compensatory, special, and punitive damages. "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if judgment was rendered, would not have any practical effect upon any then existing controversy." *Precision Investments, L.L.C. v. Cornerstone Propane, L.P.*, 220 S.W.3d 301, 304 (Mo. banc 2007). Respondents' motion to dismiss the appeal is denied.

**4.** Appellant did provide account numbers and vehicle descriptions in its motion to reinstate the pleadings.

**5.** Respondent Farnen also argues that the trial court properly dismissed the petition because it wasn't verified. Although Farnen raised this defect as an affirmative defense, it was not asserted as a basis for the motion to dismiss. Recalling our standard of review, this court will not affirm the grant of a motion to dismiss on grounds not stated in the motion. *Breeden v. Hueser*, 273 S.W.3d 1, 6 (Mo.App.2008). For the same reason, we also do not consider Shoemaker's and Holtcamp's counterpoint that the petition failed to state a claim for conversion.

motion to dismiss, counsel for Respondents indicated that Elvadine made POD designations before her death, and that Respondents lawfully modified those designations using their valid powers of attorney; therefore, the bank accounts were never part of the estate. Counsel also asserted that Elvadine was mentally competent to execute the 2009 power of attorney. These factual assertions go directly to the heart of Appellant's petition. Evidence outside the pleadings cannot serve as the basis for granting a motion to dismiss. *Breeden v. Hueser*, 273 S.W.3d 1, 14 (Mo. App.2008) (Where defendants' arguments depend on the existence and timing of a bankruptcy petition and whether certain claims were exempt, certain facts must be established before the circuit court could make a determination.).

 Respondents Shoemaker and Holtcamp acknowledge that the trial court accepted evidence beyond the pleadings and urges this court to treat the trial court's judgment as one for summary judgment. Under Rule 55.27, a motion to dismiss can be treated as one for summary judgment if the trial court considers evidence outside the pleadings and certain procedural requirements are satisfied. *Id.* The court must notify the parties that it intends to do so and allow them a reasonable opportunity to present all pertinent materials. Rule 55.27(a). Here, the court made no indication that it intended to convert the motion to summary judgment. Its final order and judgment is titled Judgment and Order Dismissing Petition, and in the body of the document the court specifically sustains Respondents' motion to dismiss. Moreover, in light of the very nature of Appellant's petition to discover assets, a pending subpoena to investigate Elvadine's competency when executing the 2009 power of attorney, and the necessity of further evidence with respect to the

timing and legal effect of POD designations, Respondents' suggestion that the record was complete and the evidence uncontroverted is untenable. Point granted.

**Conclusion**

The trial court has jurisdiction and the authority to entertain Appellant's petition, which states a cognizable claim. The trial court's judgment of dismissal is reversed, and the cause is reinstated and remanded for further proceedings consistent with this opinion.