

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | |
|---|---|
| SUSAN FENLON, ET AL., | ) No. ED111819 |
| | ) |
| Appellants, | ) Appeal from the Circuit Court of |
| | ) St. Louis County |
| vs. | ) |
| | ) Honorable Ellen S. Levy |
| REBECCA FENLON, | ) |
| | ) |
| Respondent. | ) Filed: April 9, 2024 |

## Introduction

This matter arises out of a dispute over Joan L. Soman's ("Decedent") nonprobate assets that were transferred and conveyed to her granddaughter, Respondent Rebecca Fenlon, following Decedent's death. Decedent's daughter, Susan, and other grandchildren, Thomas, Kelly, Megan, and Samantha Fenlon (collectively "Appellants") filed suit alleging that, prior to the interference and wrongdoing of Respondent, Appellants were the designated beneficiaries of certain nonprobate assets that were payable or transferable upon Decedent's death. Appellants appeal from a judgment dismissing their first amended petition ("Amended Petition") on the basis that Bret Moore ("Moore"), the personal representative of Decedent's probate estate, was a necessary and indispensable party, and the trial court could not join Moore to the action because it lacked personal jurisdiction over him. In Point I, Appellants contend the trial court erred in dismissing the

Amended Petition by applying Missouri law, mainly § 473.340[1] (discovery of assets), rather than Florida law because Florida is where Decedent permanently resided, managed and maintained her assets, and planned her estate. Point II contends the trial court misapplied § 473.340 because the statute was not pled and the trial court disregarded the six counts alleged in the Amended Petition. Lastly, in Point III, Appellants argue the trial court erred in finding that Rule 52.04[2] also supported the conclusion that Moore is a necessary and indispensable party to the action.

We find Point II dispositive.[3] We, thus, hold the trial court erred in applying § 473.340 because Appellants' Amended Petition does not claim an interest in assets which are claimed to belong to Decedent's probate estate, but rather claims an interest in nonprobate assets that were payable or transferable directly to Appellants upon Decedent's death prior to the interference of Respondent.

Accordingly, we reverse and remand.

**Factual and Procedural Background**

Decedent, a Florida resident, died on January 17, 2015, and was survived by her daughter, Susan M. Fenlon, and five grandchildren: Thomas, Kelly, Megan, Samantha, and Rebecca Fenlon.[4]

---

[1] All references are to Mo. Rev. Stat. Cum. Supp. (2023).

[2] All references are to Missouri Supreme Court Rules (2023).

[3] Point I contains an alternative argument as to why the trial court erred in applying § 473.340. Because we find § 473.340 is not applicable to the underlying action, we do not address Point I as it is moot and does not affect the ultimate outcome of this case. *T.C.T. v. Shafinia*, 351 S.W.3d 34, 36 (Mo. App. W.D. 2011) ("A moot issue is one upon which, if we resolved it in the appellant's favor, our holding would have no practical effect."). Additionally, Point III challenges the trial court's secondary reason for dismissing the Amended Petition under Rule 52.04, which requires a court to first determine whether the non-party is necessary and then determine if the non-party is an "indispensable party" according to the factors set forth in Rule 52.04(b). *See State ex rel. Hogg v. Horn*, 677 S.W.3d 885, 888 (Mo. App. E.D. 2023). Since we find Moore is not a necessary and indispensable party to this matter, it serves no purpose to discuss the factors set forth in Rule 52.04(b). Therefore, we do not address Point III. *See Missouri Dep't of Soc. Servs., Div. of Med. Servs. v. Great Plains Hosp., Inc.*, 930 S.W.2d 429, 433 (Mo. App. W.D. 1996) (explaining that because its decision on appellant's other points on appeal was dispositive, it did not need to consider the other bases for the trial court's decision).

[4] The parties are all residents of Missouri.

Following Decedent's passing, her probate estate was opened in Florida and administered by the personal representative, Moore, who resides in Florida.

On March 13, 2017, Appellants filed a petition in St. Louis County Circuit Court "to set aside payable on death designations and invalidate such designations that were obtained by [Respondent] Rebecca Fenlon[.]" In response, Respondent filed a motion to transfer the matter to the probate court division of the circuit court and a motion to dismiss Appellants' petition. In May of 2017, the trial court entered an order transferring the case to the probate court division. After the matter was transferred, Appellants were granted leave to amend their petition.

On August 29, 2017, Appellants filed their Amended Petition. Therein, Appellants asserted the following counts: fraudulent misrepresentation; breach of fiduciary duty; undue influence; tortious interference with an expected gift or inheritance; constructive trust; and money had and received. Appellants alleged Decedent held certain nonprobate assets with payable on death designations to Appellants and, due to the interference and wrongdoing on the part of Respondent, Appellants were prevented from receiving their share of those assets upon Decedent's death.

Respondent filed a response to the first Amended Petition and, subsequently, renewed her motion to dismiss. The trial court granted Respondent's motion, finding that pursuant to § 473.340.4, Moore, as the personal representative of Decedent's probate estate, is a necessary and indispensable party to the action, and the trial court could not order joinder of Moore because it lacked personal jurisdiction over him.[5] Additionally, the trial court found the factors enumerated in Rule 52.04(b) also supported that Moore is a necessary and indispensable party and the matter could not proceed without the joinder of Moore.

This appeal follows.

---

[5] Moore was previously added to the action as a third-party defendant. Moore, however, moved to dismiss the third-party petition against him for lack of subject matter jurisdiction and lack of personal jurisdiction, which was granted.

3

**Standard of Review**

This Court reviews a trial court's grant of a motion to dismiss *de novo*. *Copeland v. City of Union*, 534 S.W.3d 298, 301 (Mo. App. E.D. 2017). In reviewing the dismissal of a petition, we give the pleading its broadest intendment, treat all facts alleged as true, and construe all allegations favorably to the plaintiff. *Stabler v. Stabler*, 326 S.W.3d 561, 564 (Mo. App. E.D. 2010). However, we "will not consider matters outside the pleadings." *City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010). "It is not the function of this Court, or the motion court, to determine on the merits whether the petitioner is entitled to relief." *Conoyer v. Kuhl*, 562 S.W.3d 393, 397 (Mo. App. E.D. 2018).

**Discussion**

Appellant asserts three points on appeal. We find Point II dispositive and, therefore, we do not reach the other grounds advanced by Appellants in their remaining points on appeal. In Point II, Appellants contend the trial court erred in dismissing their Amended Petition because § 473.340 does not apply since their amended petition claims an interest in *nonprobate* assets. Respondent counters by arguing that Moore is a necessary party because the Amended Petition seeks to discover assets belonging to Decedent's estate. We find Appellants' argument meritorious. The Amended Petition asserts claims for nonprobate assets that do not involve a determination of title and/or the right to possession of property claimed to belong to Decedent's probate estate.

"As its name implies, a discovery of assets action is a search for assets belonging to the decedent at her death." *State ex rel. Wratchford v. Fincham*, 521 S.W.3d 710, 713 (Mo. App. W.D. 2017) (quoting *In re Est. of Ridgeway*, 369 S.W.3d 103, 106 (Mo. App. E.D. 2012)). "The remedy provided by the statute was intended to permit a person interested in the estate of the deceased to recover assets asserted to be wrongfully or adversely withheld or claimed by another." *State ex*

*rel. Knight v. Harman*, 961 S.W.2d 951, 955 (Mo. App. W.D. 1998) (internal quotations and citation omitted). However, "[t]he statute is not intended as a device to test general fiduciary conduct, improper administration of the estate, or general disputes [among] heirs." *Ryan v. Spiegelhalter*, 64 S.W.3d 302, 305 (Mo. banc 2002) (quoting *In re Goldberg's Est.*, 601 S.W.2d 637, 639 (Mo. App. E.D. 1980).

In pertinent part, § 473.340, provides:

1.  Any personal representative, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate division of the circuit court in which said estate is pending seeking determination of the title, or right of possession thereto, or both. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed. The court may order the joinder, as a party, of any person who may claim an interest in or who may have possession of any such property.
    …

4.  If the court finds that a complete determination of the issues cannot be had without the presence of other parties, the court may order them to be brought in by an amended or supplemental petition. The court shall order the joinder of the personal representative of the estate if he is not named as a party.

Although the trial court dismissed the action on the basis that it lacked jurisdiction to order joinder of Moore as prescribed by § 473.340.4, Appellants contend the statute is not applicable because § 473.340 is limited to allegations for "property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate…." § 473.340.1. Respondent, however, does not draw a distinction between Decedent's estate assets (probate assets) and nonprobate assets.[6] Thus, the argument turns on whether the nonprobate assets in question are an asset of Decedent's estate or bypass the probate process altogether.

---

[6] While Respondent points out that the "salient question, then, is whether the assets would return to the estate[,]" she does not present an argument to support that Appellants' claims allege an interest in property belonging to Decedent's estate. Instead, Respondent supports her argument by cherry-picking sentences from Appellants' appellate brief and

5

For clarity, we first explain the distinction between a decedent's estate assets (probate assets) and nonprobate assets before determining whether § 473.340 applies to this matter. "The purpose of a discovery of assets lawsuit is to obtain all of the assets that should be included in the *probate* estate." *Est. of Dean v. Morris*, 963 S.W.2d 461, 465 (Mo. App. W.D. 1998) (emphasis added). Hence, "[t]he self-evident purpose of [§] 473.340 is to channel all claims to specific property in which *an estate* may have an interest into the probate division of the [trial] court." *Est. of Williams v. Bauman*, 660 S.W.3d 658, 664 (Mo. App. W.D. 2023) (quoting *Est. of Williams*, 12 S.W.3d 302, 306–07 (Mo. banc 2000)) (emphasis added). Conversely, a nonprobate transfer "generally allows persons to transfer property at death *outside of probate proceedings* through another person or entity, without some of the formalities required for wills." *Ivie v. Smith,* 439 S.W.3d 189, 203 (Mo. banc 2014) (emphasis added). More specifically, a nonprobate transfer of a decedent's assets is "a transfer of property taking effect upon the death of the owner, pursuant to a beneficiary designation. The effect of the beneficiary designation is that on death of the owner, property passes by operation of law to the beneficiary." *Carmack v. Carmack*, 603 S.W.3d 900, 906 (Mo. App. W.D. 2020) (internal quotation and citation omitted).

Here, Appellants' claims allege that they had *direct rights* or were the *designated beneficiaries* of the *nonprobate assets* in controversy prior to the interference and wrongdoing of Respondent. In other words, the claims alleged in the Amended Petition do not involve a determination of title and/or the right to possession of property which are claimed to belong to Decedent's probate estate. *See Est. of Williams*, 660 S.W.3d at 664–65 (listing cases that hold that "discovery of assets claims must involve property which is, or which may be, part of an estate[,]"

---

the trial court's judgment. Respondent's discussion also references caselaw discussing § 473.340. However, those cases do not directly address the issue before this Court. Thus, we do not find those cases relevant or applicable to the present case.

and finding the petition failed to allege that the appellant was seeking to recover property which it claimed should be part of decedent's estate); *see also c.f. Harman*, 961 S.W.2d at 955 (finding the allegations of legal malpractice/breach of fiduciary duty contained in the petition levied against law firm were not appropriate claims under § 473.340 because the claims did not involve the determination of title and/or the right to possession of property which is claimed to belong to decedent's estate). Because the Amended Petition does not claim that the assets in question are "an asset of an estate" or "should be an asset of an estate," we find § 473.340 is not applicable and Moore is not a necessary and indispensable party to this matter.

Therefore, we find Appellants' Amended Petition is not an action for discovery of assets of Decedent's probate estate, but rather a tort action related to nonprobate assets and not subject to probate administration in the Decedent's estate.[7]

Point II is granted.

## Conclusion

The trial court's judgment granting Respondent's renewed motion to dismiss the Amended Petition is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Michael S. Wright, Judge

John P. Torbitzky, P.J. and
James M. Dowd, J. concur.

---

[7] What the specific nonprobate assets are and who they belong to is directed at the merits of the action and not an issue presented on this appeal. In addition, any issue related to probate assets of Decedent's estate is also not at issue in this appeal. Thus, this opinion is limited to whether the trial court erred in dismissing Appellants' Amended Petition and does not discuss the merits of the action. *See Conoyer*, 562 S.W.3d at 397.